IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 23-1216 |
| | § | |
| CUETO CONSULTING & | § | |
| CONSTRUCTION, LLC d/b/a C3, LLC; | § | |
| C3-SMR, A JOINT VENTURE, LLC; | § | |
| ANDREW J. CUETO; AND | § | |
| ALISA A. ARY-CUETO | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiff, The Cincinnati Insurance Company (the "Surety"), files this its Complaint against Defendants, Cueto Consulting & Construction, LLC d/b/a C3, LLC; C3-SMR, A Joint Venture, LLC; Andrew J. Cueto; and Alisa A. Ary-Cueto (collectively, the "Indemnitors"), and respectfully states:

## I.
### PARTIES

1.      The Cincinnati Insurance Company is an Ohio corporation with its principal place of business in the State of Ohio. The Cincinnati Insurance Company is authorized to do business in the State of Texas.

2.      Cueto Consulting & Construction, LLC d/b/a C3, LLC ("C3") is Texas limited liability company with its principal place of business in Texas.  The sole member of C3 is Andrew Cueto, who is an individual resident, domiciliary, and citizen of the State of Texas. Thus, for diversity purposes, C3 is a domiciliary and citizen of the State of Texas. C3 can be served with

process through its registered agent, Andrew J. Cueto, 900 Larkspur Lane, Fort Worth, TX 76112, or wherever he may be found.

3.      C3-SMR, A Joint Venture, LLC ("C3-SMR") is Texas limited liability company with its principal place of business in Texas. The Certificate of Formation of C3-SMR identifies two members: (1) SMR Construction, Inc., which is a Texas corporation; and (2) Cueto Consulting & Construction, LLC, a Texas limited liability company, whose sole member is Andrew Cueto (a Texas domiciliary). Thus, for diversity purposes, C3-SMR is a domiciliary and citizen of the State of Texas. C3-SMR can be served with process through its registered agent, Cueto Consulting & Construction, LLC c/o Andrew Cueto, 518 N. 5th Street, Temple TX 76501, or wherever he may be found.

4.      Andrew J. Cueto is an individual resident, domiciliary, and citizen of the State of Texas who can be served with process at 900 Larkspur Lane, Fort Worth, TX 76112, or wherever he may be found. Thus, for diversity purposes, Andrew J. Cueto is a domiciliary and citizen of the State of Texas.

5.      Alisa A. Ary-Cueto is an individual resident, domiciliary, and citizen of the State of Texas who can be served with process at 900 Larkspur Lane, Fort Worth, TX 76112, or wherever he may be found. Thus, for diversity purposes, Alisa A. Ary-Cueto is a domiciliary and citizen of the State of Texas.

## II.
### JURISDICTION

6.      The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**III.**
**VENUE**

7.      Venue is proper in this district under 28 U.S.C. § 1391(a)(3) in that the Northern

District, Fort Worth Division is a judicial district in which in which all of the defendants are subject

to the Court's personal jurisdiction with respect to such action. In addition, the Indemnitors

consented to jurisdiction and venue in a valid forum selection clause.

**IV.**
**FACTUAL BACKGROUND**

**A.      The Indemnitors Executed an Agreement of Indemnity in Favor of the Surety**

8.      C3 and C3-SMR each approached the Surety to issue performance and payment

bonds in connection with construction projects.

9.      The Surety required indemnity prior to issuance of any bond.

10.      This indemnity requirement was met by execution of an *Agreement of Indemnity*

by the Indemnitors in favor of the Surety, dated April 19, 2022 (the "Indemnity Agreement").  A

true and correct copy of the Indemnity Agreement is attached hereto as Exhibit 1 and incorporated

herein by reference.

11.      The Indemnitors have an obligation under the Indemnity Agreement to indemnify

the Surety from loss:

> The Undersigned shall exonerate, indemnify and keep indemnified the Surety from
> and against any and all liability for losses and expenses of whatsoever kind or
> nature, including the fees and disbursements of counsel, and against any and all
> said losses and expense which the Surety may sustain or incur: (i) by reason of
> having executed or procured the execution of any Bond or Bonds . . . .

**B.      The Bonds and Losses of the Surety**

12.      Relying upon the Indemnity Agreement and as requested by C3 and C3-SMR, the

Surety issued the following payments and performance bonds:

a.  Performance and Payment Bond No. B3283543 on behalf of C3 in favor of the United States of America with a penal sum of $71,856; and

b.  Performance and Payment Bond No. B3264840 on behalf of C3-SMR in favor of the United States of America with a penal sum of $505,841.47.

(collectively, the "Bonds").

13.    Following issuance of the Bonds, claims were asserted against the Bonds by subcontractors and/or suppliers of C3 and C3-SMR that alleged non-payment by either C3 or C3-SMR on the projects.

14.    Based on the existence of the claims against its Bonds, the Surety has suffered losses under the Bonds of at least $241,888.80 as of November 30, 2023. A true and correct copy of the internal loss ledger of the Surety is attached hereto as Exhibit 2 and is fully incorporated by reference.

15.    The Surety continues to incur losses in the form of attorneys' fees and expenses in pursuing enforcement of the Indemnitors' obligations under the Indemnity Agreement.

16.    In light of the claims against the Bonds and the losses incurred by the Surety under the Bonds, the Indemnitors have an obligation under the Indemnity Agreement to indemnify the Surety from any loss.

17.    The Indemnitors, however, has failed to fulfill their obligations under the Indemnity Agreement.

## V.
### CONDITIONS PRECEDENT

18.    All conditions precedent to recovery by the Surety from each defendant has occurred or has been performed.

## VI.
### CAUSES OF ACTION

### COUNT I
**Breach of Indemnity Agreement**

19.     The Surety incorporates herein by reference, as if fully set forth, the allegations set forth above.

20.     The Indemnitors are liable to the Surety under the Indemnity Agreement for all losses the Surety has incurred, and will incur, in connection with the Bonds.

### COUNT II
**Recovery of Attorneys' Fees and Expenses**

21.     The Surety incorporates herein by reference, as if fully set forth, the allegations set forth above.

22.     The Surety is entitled to recover its attorneys' fees and expenses from the Indemnitors as a direct loss under the provisions of the Indemnity Agreement.

23.     Additionally, and alternatively, the Indemnitors are obligated to reimburse the Surety for its reasonable attorneys' fees incurred in the bringing of this complaint under Section 38.001, *et. seq*. of the Texas Civil Practice & Remedies Code.

## VII.
### REQUEST FOR RELIEF

For the foregoing reasons Plaintiffs, The Cincinnati Insurance Company, respectfully requests that the Indemnitors be cited to appear and answer herein and, upon final trial thereof, that the Surety receive:

1.     Judgment against the Indemnitors in the amount of damages incurred by the Surety;
2.     Attorneys' fees and expenses;
3.     Pre-judgment and post judgment interest at the maximum permissible at law or in equity;

4.      Costs of court; and

5.      Such other and further relief to which the Surety is justly entitled.

Respectfully submitted,

**BAINS LAW PLLC**

By: /s/ Brandon K. Bains
Brandon K. Bains
State Bar No. 24050126
P.O. Box 559
Azle, TX 76098
Telephone: (214) 494-8097
brandon@bainslaw.com

**ATTORNEY FOR THE CINCINNATI
INSURANCE COMPANY**